FILED
AUG 2 5 2015
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:15-cr-91 |
| v. ) | |
| ) | Judge Mattice/Lee |
| JAMES DAVID BRADLEY, ) | |
|   also known as "Honky Tonk," ) | |
| JOEY CARROLL, ) | |
|   also known as "J.T.," ) | |
| RAY FOSTER, ) | |
|   also known as "Ray Ray," ) | |
| TONY CARVER, ) | |
| GINGER CARVER, ) | |
| JOSHUA CARVER, ) | |
| NICHOLAS ROBINETTE, ) | |
|   also known as "Ryan," ) | |
| SAMANTHA KENNEDY, ) | |
| STEVEN DWIGHT WOMAC, ) | |
| JAMES GRAY, ) | |
|   also known as "Jimmy," ) | |
| RHONDA MCCROSKEY, ) | |
| CRYSTAL SMOCK, ) | |
| RYAN ROGERS, ) | |
|   and ) | |
| DAVID ROBERTS, ) | |
|   also known as "Randy," ) | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that from in or about mid 2013 until in or about August, 2015, in the Eastern District of Tennessee and elsewhere, the defendants, JAMES DAVID BRADLEY, also known as "Honky Tonk;" JOEY CARROLL, also known as "J.T.;" RAY FOSTER, also known as "Ray Ray;" TONY CARVER; GINGER CARVER; JOSHUA CARVER; NICHOLAS ROBINETTE, also known as "Ryan;" SAMANTHA KENNEDY; STEVEN DWIGHT WOMAC; JAMES GRAY, also known as "Jimmy;" RHONDA McCROSKEY; CRYSTAL SMOCK; RYAN ROGERS, DAVID ROBERTS, a/k/a "Randy"; and other persons known and unknown to

the Grand Jury, did combine, conspire, confederate and agree to knowingly, intentionally and without authority distribute and possess with intent to distribute fifty grams or more of methamphetamine (actual) and five hundred grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.

## COUNT TWO

The Grand Jury further charges that on or about February 5, 2014, in the Eastern District of Tennessee, the defendant, RHONDA McCROSKEY, knowingly, intentionally and without authority possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE

The Grand Jury further charges that on or about April 11, 2014, in the Eastern District of Tennessee, the defendant, JOEY CARROLL, also known as "J.T.," having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR

The Grand Jury further charges that on or about April 15, 2014, in the Eastern District of Tennessee, the defendant, JOEY CARROLL, also known as "J.T.," aided and abetted by others, knowingly, intentionally and without authority, distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE

The Grand Jury further charges that on or about May 1, 2014, in the Eastern District of Tennessee, the defendant, RYAN ROGERS, having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIX

The Grand Jury further charges that on or about May 1, 2014, in the Eastern District of Tennessee, the defendant, STEVEN DWIGHT WOMAC, knowingly, intentionally and without authority distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT SEVEN

The Grand Jury further charges that on or about May 10, 2014, in the Eastern District of Tennessee, the defendant, JAMES GRAY, also known as "Jimmy," knowingly, intentionally and without authority distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT EIGHT

The Grand Jury further charges that on or about May 18, 2014, in the Eastern District of Tennessee, the defendant, JAMES GRAY, also known as "Jimmy," knowingly, intentionally and without authority possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT NINE

The Grand Jury further charges that on or about June 2, 2014, in the Eastern District of Tennessee, the defendant, RYAN ROGERS, knowingly, intentionally and without authority possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TEN

The Grand Jury further charges that on or about June 2, 2014, in the Eastern District of Tennessee, the defendant, RYAN ROGERS, knowingly possessed and concealed falsely made, forged, and counterfeited obligations of the United States, that is, Federal Reserve Notes in the denomination of one-hundred (100) dollars, which he then knew to be falsely made, forged, and counterfeited; in violation of Title 18, United States Code, Section 472.

## COUNT ELEVEN

The Grand Jury further charges that on or about July 5, 2014, in the Eastern District of Tennessee, the defendant, DAVID ROBERTS, a/k/a "Randy," knowingly, intentionally and without authority possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TWELVE

The Grand Jury further charges that on or about July 24, 2014, in the Eastern District of Tennessee, the defendants, JAMES DAVID BRADLEY, also known as "Honky Tonk;" SAMANTHA KENNEDY; and NICHOLAS ROBINETTE, also known as "Ryan;" aided and abetted by each other and others, knowingly, intentionally and without authority distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

The Grand Jury further charges that on or about July 31, 2014, in the Eastern District of Tennessee, the defendant, RAY FOSTER, also known as "Ray Ray," knowingly, intentionally and without authority possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOURTEEN

The Grand Jury further charges that on or about September 11, 2014, in the Eastern District of Tennessee, the defendants, JAMES DAVID BRADLEY, also known as "Honky Tonk," and CRYSTAL SMOCK, aided and abetted by each other and others, knowingly, intentionally and without authority, possessed with the intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

The Grand Jury further charges that on or about September 11, 2014, in the Eastern District of Tennessee, the defendant, JAMES DAVID BRADLEY, also known as "Honky Tonk," having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIXTEEN

The Grand Jury further charges that on or about September 11, 2014, in the Eastern District of Tennessee, the defendant, JAMES DAVID BRADLEY, also known as "Honky Tonk," did knowingly possess firearms during and in relation to a drug trafficking offense which may be prosecuted in a court of the United States, that is, possession with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, as charged in Count Fourteen of this Indictment and incorporated fully herein; in violation of Title 18, United States Code, Section 924(c).

## COUNT SEVENTEEN

The Grand Jury further charges that on or about September 17, 2014, in the Eastern District of Tennessee, the defendant, NICHOLAS ROBINETTE, also known as "Ryan," knowingly, intentionally and without authority distributed and possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT EIGHTEEN

The Grand Jury further charges that on or about October 28, 2014, in the Eastern District of Tennessee, the defendant, GINGER CARVER, aided and abetted by another, knowingly, intentionally and without authority, distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT NINETEEN

The Grand Jury further charges that on or about December 29, 2014, in the Eastern District of Tennessee, the defendant, JAMES DAVID BRADLEY, also known as "Honky Tonk," knowingly, intentionally and without authority, possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TWENTY

The Grand Jury further charges that on or about December 29, 2014, in the Eastern District of Tennessee, the defendant, JAMES DAVID BRADLEY, also known as "Honky Tonk," having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-ONE

The Grand Jury further charges that on or about December 29, 2014, in the Eastern District of Tennessee, the defendant, JAMES DAVID BRADLEY, also known as "Honky Tonk," did knowingly possess firearms during and in relation to a drug trafficking offense which may be prosecuted in a court of the United States, that is, possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, as charged in Count Nineteen of this Indictment and incorporated fully herein; in violation of Title 18, United States Code, Section 924(c).

## COUNT TWENTY-TWO

The Grand Jury further charges that on or about February 7, 2015, in the Eastern District of Tennessee, the defendants, TONY CARVER and CRYSTAL SMOCK; aided and abetted by each other and others, knowingly, intentionally and without authority possessed with the intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT TWENTY-THREE

The Grand Jury further charges that on or about April 20, 2015, in the Eastern District of Tennessee, the defendant, STEVEN DWIGHT WOMAC, aided and abetted by others, knowingly, intentionally and without authority possessed with the intent to distribute Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT TWENTY-FOUR

The Grand Jury further charges that on or about April 20, 2015, in the Eastern District of Tennessee, the defendant, STEVEN DWIGHT WOMAC, having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-FIVE

The Grand Jury further charges that on or about April 20, 2015, in the Eastern District of Tennessee, the defendant, STEVEN DWIGHT WOMAC, did knowingly possess a firearm during and in relation to a drug trafficking offense which may be prosecuted in a court of the United States, that is, possession with intent to distribute Oxycodone, as charged in Count Twenty-Three of this Indictment and incorporated fully herein; in violation of Title 18, United States Code, Section 924(c).

## COUNT TWENTY-SIX

The Grand Jury further charges that on or about May 27, 2015, in the Eastern District of Tennessee, the defendant, NICHOLAS ROBINETTE, also known as "Ryan," aided and abetted by others, knowingly, intentionally and without authority possessed with the intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT TWENTY-SEVEN

The Grand Jury further charges that on or about May 27, 2015, in the Eastern District of Tennessee, the defendant, NICHOLAS ROBINETTE, also known as "Ryan," having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-EIGHT

The Grand Jury further charges that on or about May 27, 2015, in the Eastern District of Tennessee, the defendant, NICHOLAS ROBINETTE, also known as "Ryan," did knowingly possess firearms during and in relation to a drug trafficking offense which may be prosecuted in a court of the United States, that is, possession with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, as charged in Count Twenty-Six of this Indictment and incorporated fully herein; in violation of Title 18, United States Code, Section 924(c).

## COUNT TWENTY-NINE

The Grand Jury further charges that on or about June 10, 2015, in the Eastern District of Tennessee, the defendant, JOEY CARROLL, also known as "J.T.," knowingly, intentionally and without authority, possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THIRTY

The Grand Jury further charges that on or about August 6, 2015, in the Eastern District of Tennessee, the defendant, NICHOLAS ROBINETTE, also known as "Ryan," knowingly, intentionally and without authority possessed with the intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT THIRTY-ONE

The Grand Jury further charges that on or about August 6, 2015, in the Eastern District of Tennessee, the defendant, NICHOLAS ROBINETTE, also known as "Ryan," having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THIRTY-TWO

The Grand Jury further charges that on or about August 6, 2015, in the Eastern District of Tennessee, the defendant, NICHOLAS ROBINETTE, also known as "Ryan," did knowingly possess firearms during and in relation to a drug trafficking offense which may be prosecuted in a court of the United States, that is, possession with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, as charged in Count Thirty of this Indictment and incorporated fully herein; in violation of Title 18, United States Code, Section 924(c).

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts One through Thirty-Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 or 846, the defendants, JAMES DAVID BRADLEY, also known as "Honky Tonk;" JOEY CARROLL, also known as "J.T.;" RAY

FOSTER, also known as "Ray Ray;" TONY CARVER; GINGER CARVER; JOSHUA CARVER; NICHOLAS ROBINETTE, also known as "Ryan;" SAMANTHA KENNEDY; STEVEN DWIGHT WOMAC; JAMES GRAY, also known as "Jimmy;" RHONDA McCROSKEY; CRYSTAL SMOCK; RYAN ROGERS, DAVID ROBERTS, a/k/a "Randy", shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, the following:

Money Judgment

A personal money judgment against each defendant, JAMES DAVID BRADLEY, also known as "Honky Tonk;" JOEY CARROLL, also known as "J.T.;" RAY FOSTER, also known as "Ray Ray;" TONY CARVER; GINGER CARVER; JOSHUA CARVER; NICHOLAS ROBINETTE, also known as "Ryan;" SAMANTHA KENNEDY; STEVEN DWIGHT WOMAC; JAMES GRAY, also known as "Jimmy;" RHONDA McCROSKEY; CRYSTAL SMOCK; RYAN ROGERS, DAVID ROBERTS, a/k/a "Randy", and in favor of the United States in the amount of not less than $500,000.00, which represents the minimum amount of money paid to each defendant directly or indirectly for controlled substances during the course of the conspiracy charged in Count One.

3. Substitute Assets

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

13

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

███████████████████

GRAND JURY FOREPERSON

WILLIAM C. KILLIAN
United States Attorney

By: *Steven S. Neff*
Steven S. Neff
Assistant U. S. Attorney

14